**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Anthony M. LYONS, Defendant– Appellant.**

**No. 14–1442.**

United States Court of Appeals, Seventh Circuit.

Submitted June 9, 2014.*

Decided June 16, 2014.

D. Gregory Weddle, Office of the United States Attorney, Rock Island, IL, for Plaintiff–Appellee.

Elisabeth R. Pollock, John C. Taylor, Office of the Federal Public Defender, Urbana, IL, for Defendant–Appellant.

Before WILLIAM J. BAUER, Circuit Judge, RICHARD A. POSNER, Circuit Judge and JOHN DANIEL TINDER, Circuit Judge.

### ORDER

Anthony M. Lyons appeals his sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). He previously appealed his conviction for possession of a firearm as a felon as well as his sentence. We affirmed his conviction but, finding procedural errors in the sentence, we remanded for resentencing. *See United States v. Lyons,* 733 F.3d 777 (7th Cir. 2013), *cert. denied,* —— U.S. ——, 134 S.Ct. 1779, 188 L.Ed.2d 607 (2014). At resentencing, the district court imposed the same sentence that it had imposed before: 210 months' imprisonment.

Lyons argues that the district court erred in sentencing him under the ACCA because the government did not allege the nature and fact of his prior convictions in the indictment or prove them beyond a reasonable doubt to a jury. He concedes, however, that his argument is foreclosed by *Almendarez–Torres v. United States,*

523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), *see, e.g., United States v. Long,* 748 F.3d 322, 328–29 (7th Cir.2014), *petition for cert. filed,* (U.S. May 14, 2014) (No. 13–10155), and so he merely seeks to preserve the issue for review in the Supreme Court. As Lyons also concedes, *Alleyne v. United States,* —— U.S. ——, 133 S.Ct. 2151, 2155, 186 L.Ed.2d 314 (2013), did not overrule *Almendarez–Torres's* exception for the fact of a prior conviction. *Id.* at 2160 n. 1. We are bound by *Almendarez–Torres, Long,* 748 F.3d at 329, and leave to the Supreme Court whether to revisit that decision.

Accordingly, we note that Lyons has preserved his objection to application of the ACCA and **AFFIRM** his sentence.